**In re James F. BENTLEY, Jr. & Shari A. Bentley, Debtors.**

**Bankruptcy No. 98–16280 B.**

United States Bankruptcy Court, W.D. New York.

July 28, 1999.

Thomas J. Gaffney, Buffalo, NY, for trustee.

David F. Butterini, Kenmore, NY, for debtors.

CARL L. BUCKI, Bankruptcy Judge.

In this Chapter 7 proceeding, the case trustee objects to the debtor's claim of an exemption with respect to an interest in a pension. Specifically, the trustee asserts that New York law allows an exemption only for plans that are qualified under select provisions of the Internal Revenue Code. Because this interpretation is an incorrect reading of the statute, the trustee's objection is overruled.

■ James F. Bentley, Jr., one of the co-debtors herein, is an employee of the town of Amherst, New York. As such, he is a member of the New York State and Local Employees' Retirement System, to which he makes contributions during each pay period. In his bankruptcy schedules, Bentley listed the value of his interest in the pension fund at $2,781. In an amendment to those schedules, the debtor claimed an exemption pursuant to section 282 of the New York Debtor and Creditor Law. Subdivision 2 of this section provides that an individual debtor may exempt the following assets from property of the bankruptcy estate:

"The debtor's right to receive or the debtor's interest in: ... (e) all payments under a stock bonus, pension, profit sharing, or similar plan or contract on account of illness, disability, death, age, or length of service unless (i) such plan or contract, except those qualified under section 401, 408, or 408A of the United States Internal Revenue Code of 1986, as amended, was established by the debtor or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose, (ii) such plan is on account of age or length or service, and (iii) such plan or contract does not qualify under section four hundred one(a), four hundred three (a), four hundred three (b), four hundred eight, four hundred eight A, four hundred nine or four

hundred fifty-seven of the Internal Revenue Code of nineteen hundred eighty-six, as amended."

The trustee argues that this section of the Debtor and Creditor Law has application only for pension plans that are qualified under section 401(a), section 403(a), section 403(b), section 408, section 408A, section 409, or section 457 of the Internal Revenue Code. Such is not the directive of the statute. Rather, subject to a narrowly defined exception, the Debtor and Creditor Law grants an exemption generally to all rights to receive and interest in payments under a pension plan on account of illness, disability, death, age, or length of service. The exception applies only upon the occurrence of three conditions. Connected by the conjunction "and", all three conditions must be satisfied if the exception is to apply. Although these conditions do implicate provisions of the Internal Revenue Code, they do not limit the exemption to plans that are qualified under that code.

In the present instance, the debtor holds rights in the pension plan of the New York State and Local Employees' Retirement System. Because it was not established by the debtor or under auspices of an insider that employed the debtor, the plan does not fulfill the first of the three conditions of Debtor and Creditor Law § 282 sub. 2(e) for exclusion from the exemption. The references in subdivision 2(e)(i) to sections 401, 408, and 408A of the Internal Revenue Code relate to an exception to the exception to the exemption, for those instances in which the debtor or an insider created a pension plan that was qualified under one of those sections.

The Court is satisfied that as a Tier 4 member of the New York State and Local Employees' Retirement System, the debtor possesses an interest in a pension plan of a type that is generally exempt under section 282(2) of the New York Debtor and Creditor Law. Because that plan is not one that the debtor or his insider has created, the statute's exception to the exemption has no application. Accordingly, the trustee's objection to Bentley's claim of exemption is overruled.

So Ordered.